O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICK BACULANTA,** Plaintiff, v. **SHERIFF DEPUTY BAILY, et al.,** Defendants. | **NO. CV 12-08467-DMG (MAN)** **MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 16, 2012, plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 ("Complaint"). Plaintiff named as defendants the Los Angeles Sheriff's Department ("Sheriff's Department"), Deputy Sheriff Baily, and Deputy Sheriffs Defendants Nos. 2-5.[1]

Congress has mandated that courts perform an initial screening of *in forma pauperis* civil actions. This Court may dismiss such an action

[1] In his amended complaint, plaintiff should sue the four unnamed defendants as John Doe (or Jane Doe, as the case may be) Nos. 1 through 4.

before service of process if it concludes that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks relief against a defendant who is immune from the requested relief. 28 U.S.C. § 1915(e)(2).

In screening a *pro se* civil rights complaint, the Court must construe its allegations liberally and must afford the plaintiff the benefit of any doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). The standard applicable on screening is the standard for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. The complaint need not contain detailed factual allegations, but must contain sufficient factual matter to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). If a complaint is dismissed, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d 621, 623 (9th Cir. 1988); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff resides in Lancaster. (Complaint at 1.)[2] He alleges that, on a date not set forth in the Complaint, at about 1:30 a.m., he and a friend were walking towards the 10th Street apartments, when they

---

[2] Plaintiff has not paginated the Complaint. The Court has assigned page numbers for ease of reference. Plaintiff must paginate his amended complaint.

were stopped and questioned by sheriff's deputies "on gang detail." (*Id*. at ¶¶ 1, 2.) The deputies inquired what plaintiff and his friend were doing "out after dark" and got out of the patrol car with guns drawn. (*Id*. at ¶¶ 3, 4.) Plaintiff and his friend are in their fifties. (*Id*. at ¶ 4.) Believing that deputies "on gang detail" beat up black men out on the street after dark, they ran. (*Id*.)

Another patrol car pulled up, and deputies chased and caught plaintiff and his friend. (Complaint ¶ 5.) They beat plaintiff and his friend with their flashlights until they were unconscious. (*Id*. at ¶ 6.) When plaintiff regained consciousness, his nose and the back of his head were bleeding. (*Id*.) He asked to see a doctor, but he was told that he did not need a doctor and should shut up and "wait till you get down town [sic]." (*Id*. at ¶ 7.) Defendants also threatened that plaintiff would receive a worse beating if he told anyone what happened. (*Id*. at ¶ 8.) He was then taken to jail. (*Id*. at ¶ 9.) He alleges that "[n]o arrest was made for resisting arrest," but he does not describe at what point he was released. (Complaint at 9.)

Plaintiff asserts claims under the Fourth, Eighth, and Fourteenth Amendments for excessive force, denial of medical care, and "terroristic threats." (Complaint at 3-4, 9.) He seeks damages and unspecified declaratory and injunctive relief. (*Id.* at 10-11.)

## DISCUSSION

### I. PLAINTIFF FAILS TO STATE AN EXCESSIVE FORCE CLAIM AGAINST DEFENDANT BAILY.

At the screening level, plaintiff's allegations are sufficient to allege that the sheriff's deputies who beat him unconscious with their flashlights used excessive force in violation of the Fourth Amendment. *See* Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989) (the objective unreasonableness standard of the Fourth Amendment governs claims for excessive force in an arrest, investigatory stop, or other seizure of a free person).

Plaintiff, however, has not alleged a factual basis for asserting an excessive force claim against the only named defendant, Deputy Sheriff Baily. The only factual allegation in the Complaint about Deputy Baily is that he "is responsible for patrolling the [C]ity of [L]ancaster to administer peace and enforce the laws." (Complaint at 5.) While it is a reasonable inference that Deputy Baily was one of the deputies who chased and/or beat plaintiff, plaintiff does not actually allege that Deputy Baily beat him or specify any action by Deputy Baily.[3] Plaintiff's excessive force claim against Deputy Baily, therefore, does not meet the standards of Iqbal. *See* Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (complaint must contain sufficient factual content to give rise to a plausible inference that defendant is liable

---

[3] The Court notes that the same is true of the unnamed defendants. Plaintiff never actually alleges that they are the deputies who beat him.

for misconduct).

In addition, plaintiff fails to set forth the date of the incident and the place where it occurred. In his amended complaint, plaintiff must set forth the date or approximate date of the incident and identify the city where it occurred. *See* Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Accordingly, plaintiff's excessive force claim must be dismissed.

**II. PLAINTIFF FAILS TO STATE A DENIAL OF MEDICAL CARE CLAIM.**

Plaintiff contends that defendants refused to provide plaintiff with medical care for the injuries he sustained from the beating. (Complaint at 4.)

The Fourteenth Amendment's Due Process Clause requires that responsible governmental officials secure medical care for a person injured while being apprehended by the police. *See* City of Revere v. Massachusetts Gen. Hospital, 463 U.S. 239, 244-45, 103 S. Ct. 2979, 2983 (1983). This constitutional obligation can be met by taking the injured suspect to the hospital or by summoning medical aid. *Id.*; Tatum v. City and County of San Francisco, 441 F.3d 1090, 1098-99 (9th Cir. 2006); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir. 1986). The due process rights of a suspect in this situation are at least as great as the Eighth Amendment protections available to convicted prisoners. City of Revere, 463 U.S. at 244, 103 S. Ct. at 2982; *see* Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (Eighth Amendment's

proscription of cruel and unusual punishment is violated by "deliberate indifference to serious medical needs of prisoners").

Here, plaintiff has alleged that: he lost consciousness from the beating; his nose and the back of his head were bleeding; and he requested that he be seen by a doctor but the deputies refused, telling him to "shut up" and "wait till you get down town [sic]." (Complaint ¶¶ 6,7, 9.) While plaintiff clearly alleges that the deputies did not provide him with medical care, his allegations suggest that they expected plaintiff to receive medical care once he was at the jail. In that case, plaintiff can only assert a denial of medical care claim against these defendants if the delay in medical attention caused him further injury, and defendants should have known that the delay would be harmful. *See* Shapley v. Nevada Bd. of State Prison Comm'rs., 766 F.2d 404, 407 (9th Cir. 1985); *see also* Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delay must cause significant harm, and defendants must know this would be the case). Plaintiff has not alleged that he suffered further injuries, medical complications, or significant unnecessary pain as a result of delayed medical treatment. Nor has he alleged that his need for medical care was such that the deputies should have known that delay would be harmful. *See* Hallett, 296 F.3d at 746. For this reason, plaintiff's allegations are insufficient to state a claim for denial of medical care.

Moreover, as with his excessive force claim, plaintiff has not alleged a factual basis for asserting his denial of medical care claim against Deputy Baily, the only named defendant. *See* Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Accordingly, plaintiff's claim for denial of medical care must be dismissed.

**III. <u>PLAINTIFF FAILS TO STATE A CLAIM BASED ON THE THREAT MADE TO HIM</u>.**

Plaintiff contends that defendants made "terroristic threats that if [he] told or informed anyone of his beating he would suffer a far worse fate than a beating in order to extort him into silence abject fear." (Complaint at 4.) Mere threats do not rise to the level of a constitutional violation, even if the threats are for the purpose of deterring access to court. *See* <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (when guards beat a prisoner and then threatened him with bodily harm to deter him from pursuing legal redress for beatings, the threats did not give rise to constitutional claim).

Accordingly, plaintiff's allegations that defendants threatened him with harm if he complained about being beaten by them do not give rise to a constitutional claim. His claim on this basis, therefore, must be dismissed.

**IV. <u>PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE SHERIFF'S DEPARTMENT</u>.**

Plaintiff has named the Sheriff's Department as a defendant. (Complaint at 5.)

To allege a Section 1983 claim against an individual defendant, a plaintiff need only allege a constitutional deprivation inflicted on him by that defendant. To allege a Section 1983 claim against a

municipality such as the City, more is needed.  Plaintiff must allege a constitutional deprivation *and* a policy, custom, or practice of the City that was the "moving force" of the constitutional deprivation. Monell v. Department of Social Services, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007).

A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38.  Thus, a local governmental entity is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  *Id.* at 690-91, 98 S. Ct. at 2035-36.

Here, plaintiff does not identify any policies or customs that were the moving force of the alleged beating or denial of medical care. *See* Iqbal, 556 U.S. at 680-81, 129 S. Ct. at 1951 (requiring specific allegations regarding the policy at issue in a civil rights case).  In fact, his allegations that the deputies knew or should have known

"department training policies on the use of force" suggest that he is alleging disregard of applicable Sheriff's Department polices, rather than a deficiency in the polices themselves. (Complaint at 9.) Plaintiff, therefore, has not alleged a plausible *Monell* claim against the Sheriff's Department.

Accordingly, plaintiff's claims against the Sheriff's Department must be dismissed.

## **V. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT.**

Plaintiff asserts unspecified claims under the Eighth Amendment. The Eighth Amendment only applies to claims by convicted prisoners. Graham, 490 U.S. at 395 n.10, 109 S. Ct. at 1871 n.10; Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412 n.40 (1977). As plaintiff recognizes (*see* Complaint at 8, 9), his excessive force claims arise under the Fourth Amendment, and his denial of medical care claims arise under the Fourteenth Amendment. The Eighth Amendment is inapplicable.

## **CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein. The First Amended Complaint, if any, shall be complete in itself. It shall not refer in any manner to the

original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: November 7, 2012

Margaret A. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE